**\*\*E-filed 12/12/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DEMAS WAI YAN,<br><br>      Debtor,<br><br>DEMAS YAN AND CHEUK-TIN YAN<br><br>      Appellants,<br>v.<br><br>TONY FU,, et al.,<br><br>      Appellees. | No. C 11-3914 RS<br><br>Bankruptcy No. 04-33526<br>Adversary No. 08-3166 TEC<br><br>**ORDER AFFIRMING DECISION OF BANKRUPTCY COURT AND DENYING MOTION FOR STAY AS MOOT** |

    Demas Wai Yan, a licensed attorney, appears in this matter representing both himself and his father, Cheuk-Tin Yan, as appellants. The Yans challenge an order of the Bankruptcy Court requiring them to dismiss three actions they filed in San Francisco Superior Court related to a series of controversies between Demas Yan and Tony Fu that grew out of their involvement in a condominium construction project at 663 Chenery Street in San Francisco between 2001 and 2003.

    The Yans' opening brief filed in support of this appeal contains no substantive arguments.[1] Instead, the Yans refer to and incorporate the briefing submitted by Demas Yan in his appeal in

---

[1] The Yans filed no reply brief, and their time to do so has expired.

1   Case No. 11-2211.[2]  By separate order issued herewith, the appeal in Case No. 11-2211 is being
2   dismissed, on grounds that the order challenged therein was an interlocutory order, not appealable as
3   of right.  Because both the substance and procedural posture of the order the Yans are challenging in
4   this appeal (an order requiring them to dismiss the state court cases) are materially different than the
5   order in dispute in Case No. 11-2211 (an order merely denying a motion to dismiss an adversary
6   complaint in the bankruptcy proceedings), their reliance on the briefing in Case No. 11-2211 is a
7   poor substitute for addressing the particular issues potentially presented in this case.  Their basic
8   contention, however, is that the bankruptcy court lacks jurisdiction to require them to dismiss the
9   state court cases because, (1) Demas Yan's state court claims arise from alleged wrongdoing by the
10  defendants that occurred post-petition, and therefore the claims are not part of the bankruptcy estate,
11  and (2) Cheuk-Tin Yan's state court claims are not part of the bankruptcy estate in any event.

12   The Yans have failed to establish any error in the Bankruptcy Court's ruling.  Demas Yan
13  acknowledges that his state court complaints include allegations of pre-petition wrongdoing.
14  Although he argues that the complaints *also* contain allegations of separately-actionable post-
15  petition conduct, his mere characterizations of the complaints are not controlling and are
16  unpersuasive.  Notably, in the context of ruling on the closely related question of whether a cross-
17  complaint Demas Yan had filed against Tony Fu in a proceeding removed to bankruptcy court
18  stated any post-petition claims, the Bankruptcy Court expressly gave Demas Yan leave to amend,
19  for the purpose of stating facts to show more clearly that any of his claims actually arose from post-
20  petition conduct.  Demas Yan declined to provide any amended cross-complaint.[3]  While that cross-
21  complaint may not have been co-extensive with the state court actions in dispute here, Demas Yan's
22  failure to amend further supports the conclusion that he is simply unable to articulate any viable
23  post-petition claims against defendants arising from these series of events.[4]

---

[2]  Cheuk-Tin Yan is not a party to the appeal in Case No. 11-2211.  Demas Yan's briefing in that appeal, however, included arguments related to Cheuk-Tin's alleged rights.  While Demas Yan lacked standing to assert those arguments in Case No 11-2211, it is at least arguably permissible for Cheuk-Tin Yan to adopt them by reference in this appeal.

[3]  That matter is the subject of a separate appeal still pending in this Court as Case No. 11-1814.

[4]  The Yans repeatedly assert that the state court complaints in dispute have survived demurrer.  At most, that means that, in the view of the state court, at least some part of the factual allegations in

United States District Court
For the Northern District of California

    Likewise, no error has been shown in the Bankruptcy Court's conclusion that claims brought nominally on behalf of Cheuk-Tin Yan also are property of the bankruptcy estate.  Merely asserting, without a sufficient factual and legal basis to do so, that property belongs to someone other than the debtor, does not suffice.  On the record before it, the Bankruptcy Court could properly conclude that both monies alleged to have belonged to Cheuk-Tin Yan and claims relating to those funds were the property of the estate, particularly in light of the other allegations Demas Yan had made regarding the transactions.

    Accordingly, the Yans have shown no basis for reversal of the bankruptcy court's order filed July 26, 2011 requiring them to dismiss the specified state court actions.  Their motion for a stay of that order and a subsequent enforcement order pending disposition of this appeal is therefore moot, and is denied on that basis.

IT IS SO ORDERED.

Dated: 12/12/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

those complaints state a claim.  Even if the state court's rulings were binding on the Bankruptcy Court, which they are not, it would fail to show that the claims are not the property of the bankruptcy estate, or that all of the allegations in those complaints represented cognizable claims.

3